IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVIS DONALD LUND,

    Plaintiff,                               No. 2:11-cv-0557 JFM (PC)

    vs.

CITY OF SOUTH LAKE TAHOE, et al.,

    Defendants.                          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

1  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
2  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
4  U.S.C. § 1915(b)(2).
5       The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
9  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
10 U.S.C. § 1915A(b)(1),(2).
11      A claim is legally frivolous when it lacks an arguable basis either in law or in
12 fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
13 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.
15 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
16 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
17 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
18      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
19 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell
21 Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v.
22 Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a
23 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
24 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
25 Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only
26 "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""

Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In the complaint filed February 22, 2011, plaintiff brings this suit pursuant to 42 U.S.C. § 1983 against defendants City of South Lake Tahoe, Officer H. Carlquist and Officers John Doe 1 through 3.[1]  Plaintiff alleges that following his arrest at a party in South Lake Tahoe, CA on February 26, 2010, he was assaulted by Officer H. Carlquist and the three accompanying officers, John Doe 1 through 3, after plaintiff spat upon one of these officers.  Plaintiff further claims that despite sustaining injuries due to the assault, he was not provided medical care.

The court finds that plaintiff's complaint fails to state a claim against defendant City of South Lake Tahoe.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Under § 1983, local government entities are considered "persons" and therefore may be sued, but the municipality's liability must be premised on its own infliction of

---

[1] Plaintiff names as defendants John Doe 1 through 3.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff.  Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names."  Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).  Plaintiff is advised that John Doe defendants can not be served by the United States Marshal until he has identified them as actual individuals and amended his complaint to substitute the defendants' actual names.  The burden remains on plaintiff to promptly discover the full name of the Doe defendant; the court will not undertake to investigate the names and identities of unnamed defendants.  Id.  The court will grant plaintiff leave to amend this claim and attempt to set forth sufficient identification.

3

an injury and not on a respondeat superior theory.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978).  There are two ways of showing that a municipality inflicted a constitutional injury: (1) by showing that a municipality itself violated someone's rights or directed its employee to do so, or (2) by showing that the municipality's omissions were responsible for a constitutional violation committed by one of its employees.  Gibson v. County of Washoe, 290 F.3d 1175, 1185-86 (9th Cir. 2002).

To establish municipal liability, a plaintiff must show that: (1) a municipal employee violated his constitutional rights; (2) the municipality had a custom, practice, or policy that amounted to "deliberate indifference"; and (3) the municipal custom, practice, or policy was the "moving force" behind the employee's violation of the plaintiff's constitutional rights.  Gibson, 290 F.3d at 1193-94.  Because "[a] policy can be one of action or inaction," Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006), a plaintiff seeking to show that a municipality's failure to act caused an injury "must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation," Gibson, 290 F.3d at 1186.  Here, plaintiff makes no factual allegations as to the City of South Lake Tahoe.  Plaintiff will, however, be granted leave to amend his complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

/////
/////
/////
/////
/////

1 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to
2 file an amended complaint in accordance with this order may result in the dismissal of this
3 action.
4 DATED: September 19, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;lund0557.14new

6

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVIS DONALD LUND,

      Plaintiff,                              No. 2:11-cv-0557 JFM (PC)

   vs.

CITY OF SOUTH LAKE TAHOE, et al.,

      Defendants.                          <u>NOTICE OF AMENDMENT</u>

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Amended Complaint

DATED:

                                                     _____
                                                       Plaintiff